1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  | JAMES FAGERLIE, a single man,

CASE NO. C12-2205 RSM

11  | Plaintiff,

ORDER GRANTING DEFENDANTS
HSBS BANK, NA AND HSBC
MORTGAGE CORPORATION
(USA)'S MOTION TO DISMISS

12  | v.

13  | HSBS BANK, NA, an inactive New York
Corporation; HSBS MORTGAGE
14  | CORPORATION (USA), a Delaware
Corporation; MORTGAGE
15  | ELECTRONIC REGISTRATION
SYSTEMS, a Delaware Corporation
16

Defendants.
17

18

## I.     INTRODUCTION

19

20  This matter comes before the Court upon Defendants' Motion to Dismiss.  Dkt # 8.  For

the reasons set forth below, Defendants' motion is GRANTED, and the Lis Pendens shall be

21

CANCELLED and EXPUNGED from the public records of Snohomish County, Washington.

22

23

24  ORDER GRANTING DEFENDANTS HSBS, NA AND HSBC MORTGAGE CORPORATION (USA)'S
MOTION TO DISMISS - 1

## II.      BACKGROUND

On or around November 9, 2007, Plaintiff James Fagerlie and his wife, Gail Fagerlie (not a party to this current litigation) executed a promissory note ("Note") in the amount of $302,000 in favor of HSBC Mortgage Corporation (USA) ("HSBC Mortgage"). Dkt. # 8. The Fagerlies executed a written Deed of Trust ("DOT") listing HSBC Mortgage as the Lender, Chicago Title as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Beneficiary and Nominee for Lender and Lender's successors and assigns. The DOT was recorded on November 13, 2007 in the Snohomish County Auditor's Records at Instrument No. 200711130397. The DOT secured the Plaintiff's real property located at 11922 20th Street, Everett, Washington 98205.

On November 21, 2011, MERS executed an Assignment of the DOT to HSBC Bank, which was subsequently recorded as Instrument No. 201111210139. The Plaintiff ultimately defaulted on the loan, and HSBC Bank, pursuant to RCW 61.24, *et seq*, commenced the non-judicial foreclosure process on April 6, 2012 by issuing the Plaintiff a Notice of Default. On November 22, 2010, HSBC Bank, as Beneficiary, executed an Appointment of Successor Trustee appointing Northwest Trustee Services, Inc. ("NWTS") as the successor trustee. The Appointment of Successor Trustee was subsequently recorded as Instrument No. 201205140413.

Because Plaintiff failed to cure the default under the Note and Deed of Trust, NWTS executed and recorded a Notice of Trustee's Sale on August 21, 2012 as Instrument No. 201208210407.  The trustee's sale was held on December 21, 2012. Because there were no bidders at the auction, the property reverted to HSBC Bank. A Trustee's Deed was subsequently recorded as Auditor's File Number 201212280647.  All instruments were recorded in the official records of Snohomish County, Washington.

1    On December 18, 2012, Plaintiff filed a Complaint against HSBC Bank, HSBC

2  Mortgage, and MERS ("Defendants") for fraud, misrepresentation, and other alleged wrongs

3  related to the Note, along with a motion to enjoin the non-judicial foreclosure sale. On December

4  19, 2012, this Court issued an Order stating that Plaintiff's motion to enjoin the foreclosure sale

5  had been improperly noted on the Court's calendar and properly noted the motion for January 11,

6  2013 as a motion for preliminary injunction. On December 20, 2012, Plaintiff filed a renewed

7  Motion for Temporary Restraining Order, which this Court summarily denied because it failed to

8  give proper notice to the Defendants under Fed. R.Civ.P. 65(b).

9    On January 4, 2013, HSBC Bank and HSBC Mortgage filed a response to Plaintiff's

10  motion for preliminary injunction asking this Court to deny the same because the non-judicial

11  foreclosure sale occurred on December 21, 2012, and therefore there was no imminent trustee's

12  sale to enjoin. This Court subsequently denied Plaintiff's preliminary injunction motion.

13    On January 10, 2013, HSBC Bank and HSBC Mortgage filed a Motion to Dismiss

14  Plaintiff's Complaint for failure to state claims under Federal Rule 12(b)(6).

15                                    III.    DISCUSSION

16    A.  Pleading Rules

17    Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth in its complaint "a short

18  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

19  8(a). While "the pleading standard Rule 8 announces does not require 'detailed factual

20  allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me

21  accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (quoting *Bell Atlantic Corp. v. Twombly,*

22  550 U.S. 544, 555). To survive a motion to dismiss, a complaint must contain sufficient factual

23  matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* A claim has

24

ORDER GRANTING DEFENDANTS HSBS, NA AND HSBC MORTGAGE CORPORATION (USA)'S
MOTION TO DISMISS - 3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (quoting *Twombly,* 550 U.S. at 556, 570). If the complaint does not meet this standard, it will be dismissed.

    B.  <u>Plaintiff's Failure To Address Certain Causes of Action In Its Response Will Be Treated As An Admission That Opposition To Those Arguments Is Without Merit</u>

Defendants argue that Plaintiff failed to state any claims for which relief could be granted. Plaintiff's response fails to address any of the Defendants' arguments related to the following claims: 3 (accounting); 4 (void contract for impossibility); 5( breach of fiduciary duty); 6 (RESPA violation); 8 (void contract for unconscionability); 10 (rescission); 11 (declaratory judgment as to right to foreclose); 12 (declaratory judgment as to lack of standing); and 14 (quiet title).  Plaintiff's response also fails to address Defendants' request to have the Lis Pendens cancelled and expunged.

Any party who is opposing a motion is required to file a brief in opposition to the motion, together with any supporting material.  If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. LCR 7(b)(2).

Since Plaintiff did not respond to any of Defendants' arguments in its motion regarding the above-referenced claims, and has not expressed any reason why it was incapable of doing so, those claims shall be dismissed with prejudice pursuant to Local Rule CR 7(b)(2). Similarly, Plaintiff did not respond to Defendants' request to cancel and expunge the Lis Pendens, and therefore that request shall be granted. Only Plaintiff's claims: 1(fraud/misrepresentation); 2 (WCPA violation); and 7(FDCPA) will be addressed on the merits.

1    C.  "Fraud/Misrepresentation" Claim Fails To State a Claim

2        Defendants argue that Plaintiff's fraud claim is time-barred under RCW 4.16.080(4), and that

3    regardless of such, Plaintiff fails to state with particularity the circumstances constituting the

4    fraud as required under Fed.R.Civ.P. 9(b). Plaintiff appears to argue in his response, although it

5    does not expressly say so, that its claim is not time-barred because the alleged fraudulent activity

6    is still occurring. He also asserts that his fraud claim properly meets the special pleading

7    requirements of Rule 9, however he does not allege any facts that support this conclusion.

8        An action for fraud shall be commenced within three years. RCW 4.16.080(4). The statute of

9    limitations begins when the aggrieved party discovers the facts constituting the fraud. *Id.*

10   Plaintiff appears to argue, although he never expressly says so, that he did not discover the

11   Defendants' alleged "Fraudulently Created and Recorded Documents Such as the MERS

12   Assignment" until the foreclosure action was started by HSBC Bank, through HSBC Mortgage,

13   on April 6, 2012. He also contends that regardless of discovery, the alleged fraudulent activity

14   regarding the "continued acceptance of Loan payments by entities that [are] not entitled to do so"

15   is still occurring.

16       Nevertheless, in order to survive a dismissal for inadequacy under Rule 9(b), "a Complaint

17   needs to state the time, place, and specific content of the false representations as well as the

18   identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc*. 356 F.3d. 1058,

19   1066 (9th Cir. 2004). All Plaintiff alleges in his Complaint regarding the fraud claim is that

20   "[e]ach of Plaintiff's payments made on the Loan to HSBC Mortgage when it asserted a right to

21   service the Loan on behalf of HSBC [bank], were made to an entity that did not have a legal or

22   equitable right to receive those payments," and that "HSBC Mortgage and HSBC [Bank]

23   intended that Plaintiff rely upon their silence as to who the true entity was that was entitled to

24

receive payment on the Loan, so that Plaintiff would continue to make monthly payments to them…" Plaintiff does not state when or where these fraudulent activities took place. Furthermore, Plaintiff does not offer any specific facts that indicate why or how he has reason to believe that Defendants were not entitled to collect its mortgage payments.

At the beginning of his Complaint, Plaintiff pleads generally about the alleged "almost universal practice" of banks not correctly filing and recording assignments of notes. However, he states no facts as to HSBC Mortgage specifically and why it was not the correct entity to be accepting the mortgage payments for his promissory note. For example, Plaintiff does not allege that he asked HSBC Mortgage for proof that it physically and/or legally held the Note before it recorded a Notice of Trustee's Sale for Plaintiff's property and that he was denied such proof. The allegations in the Complaint thus fail to meet the Rule 9(b) pleading standard.

Moreover, it appears any amendment to Plaintiff's Complaint would be futile. Plaintiff alleges that HSBC Mortgage, "did not have a legal or equitable right to receive [his mortgage] payments" because "Freddie Mac appears to be the true beneficiary of the Fagerlie Deed of Trust." The Plaintiff alleges this for the first time in his response to Defendants' motion. It is well established law in this circuit that parties cannot raise a new issue for the first time in their reply briefs. *Northwest Acceptance Corp. v. Lynwood Equip., Inc*. 841 F.2d 918, 924 (C.A. 9 (Wash.) 1988).

Even if this Court were to entertain Plaintiff's new allegation, he still does not state a claim for fraud. RCW 62A.3-301 lists the three ways in which a person may acquire the status of "person entitled to enforce the note" in the context of a mortgage loan claim. One of these ways is if the person is the "holder of the instrument." As Defendants point out, HSBC Bank is the holder of the original Note and is designated as the Grantor of the Deed of Trust in the publicly

1  recorded Notice of Trustee's Sale. As holder of the Note, HSBC Bank was entitled to accept

2  Plaintiff's mortgage payments on the Note.[1]

3      Also, Plaintiff did not respond to any of Defendants' arguments in his response regarding the

4  fraud claim, but instead merely concludes that his claims are "well stated" and that they "might

5  be further fleshed out by discovery and might perhaps be more tightly pled so that the technical

6  requirements of FRCP 9(b) are met…"

7      As Plaintiff has failed to state a claim for fraud, and he cannot cure this defect by

8  amendment, Plaintiff's fraud/misrepresentation claim is dismissed with prejudice.

9      D.  <u>Washington Consumer Protection Act Claim Fails To State A Claim</u>

10      Plaintiff alleges that the Defendants created and filed false Assignments of Notes and Deeds

11  of Trust and ultimately initiated non-judicial foreclosure actions without having acquired any

12  legal interest in the properties foreclosed on. Plaintiff also alleges that HSBC Bank and HSBC

13  Mortgage collected payments to which they were not entitled, and failed to inform Plaintiff of

14  the true ownership of the loan and Deed of Trust. Defendants argue that Plaintiff failed to

15  identify any unfair or deceptive act committed by Defendants that affected a substantial portion

16  of the public, the alleged unfair or deceptive acts had no impact on the public interest, and no

17  injury was caused by Defendants alleged conduct.

18      To state a claim under the Washington Consumer Protection Act, a party must show: (1) an

19  unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the

20  public interest; (4) injury to plaintiff's business or property; and (5) causation. *Hangman Ridge*

21  *Training Stables, Inc. v. Safeco Title Ins. Col*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

22  _____

23      [1] Plaintiff never alleges who is actually entitled to collect his mortgage payment, but

24  rather simply states that HSBC is not that entity.

ORDER GRANTING DEFENDANTS HSBS, NA AND HSBC MORTGAGE CORPORATION (USA)'S
MOTION TO DISMISS - 7

1    An analysis of the first three elements is unnecessary because Plaintiff fails to show that any

2    alleged conduct caused injury to his business or property.  A CPA claim must show that there is

3    a causal link between the alleged misrepresentation or deceptive practice and the purported

4    injury. *Id.* at 793.  As Defendants noted, the Washington Supreme court has clarified that this

5    link must be one of proximate cause. *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash.,*

6    *Inc.,* 162 Wn.2d 59, 83, 170 P.3d 10 (2007). "[T]he term 'proximate cause' means a cause which

7    in direct sequence unbroken by any superseding cause, produces the injury [or] event complained

8    of and without which such injury [or] event would not have happened." *Schnall v. AT&T*

9    *Wireless Servs., Inc*., 171 Wn.2d. 260, 278, 259 P.3d. 129, 137 (2011) (quoting 6 Washington

10   Practice: Washington Pattern Jury Instructions; Civil 15.01 at 181 (5th ed. 2005)).

11       Plaintiff admits that he defaulted on the mortgage loan and his home was foreclosed as a

12   result. Plaintiff alleges no facts that demonstrate that "but for" the alleged conduct of the

13   Defendants, Plaintiff's home would not have been foreclosed.  Also, Plaintiff does not allege any

14   facts that demonstrate any injuries that arose as a result of Plaintiff making mortgage payments

15   to HSBC Mortgage. Furthermore, Plaintiff does not claim that any action by the Defendants

16   caused or induced Plaintiff to default on the loan, or that no party was entitled to foreclose on his

17   property.  Therefore, regardless of who the actual beneficiary was that had the right to foreclose

18   on the property, Plaintiff's property would still have been foreclosed.

19       For these reasons Plaintiff's CPA claim shall be dismissed with prejudice.

20       E.  Fair Debt Collection Practices Act Claim Fails to State a Claim

21       Plaintiff alleges that the Defendants fall within the definition of "debt collector" under the

22   Fair Debt Collection Practices Act ("FDCPA")(15 U.S.C. § 1692) and have violated said Act by

23

24

attempting to collect payments they were not legally entitled to collect. Defendants argue that non-judicial foreclosure on a deed of trust is not equivalent to debt collection under the FDCPA.

The Fair Debt Collection Practices Act was "enacted to eliminate abusive collection practices by debt collectors to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. What Constitutes "Debt Collector" for Purposes of Fair Debt Collection Practices Act, 173 A.L.R. Fed. 223 (2001). The FDCPA defines a "debt collector" as:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15. U.S.C. §1692a(6).

"Debt" is defined as:

> "[A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

15 U.S.C. §1692a(5).

Courts have routinely held that foreclosure does not constitute "debt collection" under the FDCPA. *Roman v. Northwest Trustee Services, Inc.,* 2010 WL 5146593 (W.D. Wash. Dec. 13, 2010), *quoting Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the

1  object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.");

2  *see also Fong v. Prof'l Foreclosure Corp.,* 2005 WL 3134059 (W.D. Wash. Nov. 22, 2005) ("A

3  trustee…who commences foreclosure on a property pursuant to a Deed of Trust is not a debt

4  collector as broadly defined by the FDCPA").

5      As Defendants actions do not fall within the meaning of "debt collection" under 15 U.S.C.

6  §1692, Plaintiff's Fair Debt Collection Practices Act claim shall be dismissed with prejudice.

7      F.   Breach of Implied Covenant of Good Faith and Fair Dealing Claim Fails to State a Claim

8      Plaintiff 's Complaint sets out a variety of ways in which Defendants willfully breached their

9  implied covenant of good faith and fair dealing with Plaintiff in their actions prior and up to

10  Plaintiff receiving the loan. In their Rule 12b(6) motion, Defendants assert that Plaintiff fails to

11  allege any facts supporting any failure by any Defendant to cooperate with Plaintiff to obtain the

12  full benefit of performance. Plaintiff's only response to this is that his claim "is well pled enough

13  to survive if either HSBC Bank or HSBC Mortgage were the true beneficiary of the foreclosed

14  Deed of Trust." It seems as though Plaintiff's breach of the implied covenant claim is again

15  based on the inaccurate assertion that HSBC Mortgage was not entitled to accept payments on

16  the loan, and that HSBC Bank was not entitled to appoint a successor trustee (Northwest Trustee

17  Services, Inc.) to foreclose on Plaintiff's property. The only other allegation Plaintiff makes in

18  response to Defendants' motion is that the "implied covenant…was violated by the actions of the

19  Moving Defendants in processing the foreclosure until it was complete." This is an entirely

20  different claim than Plaintiff's initial breach of implied covenant claim. In his Complaint,

21  Plaintiff argues that Defendants breached the covenant prior to and up to Plaintiff receiving the

22  loan. In his response to Defendants' motion, however, he argues that Defendants breached the

23

24

ORDER GRANTING DEFENDANTS HSBS, NA AND HSBC MORTGAGE CORPORATION (USA)'S
MOTION TO DISMISS - 10

1   covenant "in processing the foreclosure until it was complete." Beside the fact that this assertion

2   is vague and conclusory, the claim is inconsistent with his initial claim.

3      Because Plaintiff only offered new, inconsistent, and conclusory allegations in his response

4   to Defendants' motion to dismiss this claim, he has in effect amended his allegations. However,

5   they still fail to state a claim for breach of the covenant of good faith and fair dealing. This claim

6   shall according be dismissed with prejudice.

7      G.   Plaintiff's Declaratory Judgment Claim Against Defendant Mortgage Electronic
            Registration Systems, Inc. ("MERS") Fails to State a Claim

8      Plaintiff makes various conclusory allegations regarding MERS and then asks for declaratory

9   judgment as to the lack of Defendant MERS's ability to be a real party in interest in its

10  securitized loan. Plaintiff's assertions are a variation of the "show me the note" claim commonly

11  asserted in non-judicial foreclosure cases. These types of claims have almost universally been

12  rejected by District Courts. *Diessner v. Mortgage Electronic Registration Systems,* 618

13  F.Supp.2d 1184, (D. Ariz. May 18, 2009). Further, MERS has not appeared in this action, and

14  there is no evidence that MERS was properly served and the time to do so has run. Fed. R. Civ.

15  P. 4(m).  As it would be futile to serve MERS with a meritless claim, this claim shall be

16  dismissed with prejudice.

17                          IV.    CONCLUSION

18     The Court, having considered Defendants' motion, Plaintiff's response thereto, the reply,

19  and the remainder of the record, hereby finds and ORDERS:

20     (1)    Defendant's motion to dismiss (Dkt. # 8) is GRANTED, and the Complaint and

21  all claims are hereby DISMISSED with prejudice.

22     (2)    The Lis Pendens shall be CANCELLED and EXPUNGED from the public

23  records of Snohomish County, Washington.

24

1    (3)    The Clerk of the Court is directed to forward a copy of this Order to all counsel of

2    record.

3    DATED this 8 day of May 2013.

4

5    _____
     RICARDO S. MARTINEZ
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS HSBS, NA AND HSBC MORTGAGE CORPORATION (USA)'S
MOTION TO DISMISS - 12